**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 25-4021**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KOFI ORLEANS-LINDSAY,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  Gina M. Groh, District Judge.  (3:22-cr-00026-GMG-RWT-10)

Submitted:  January 27, 2026                         Decided:  February 27, 2026

Before GREGORY, THACKER, and HEYTENS, Circuit Judges.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

**ON BRIEF:**  Wesley P. Page, Federal Public Defender, Jonathan D. Byrne, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant.  Lara Kay Omps-Botteicher, OFFICE OF THE UNITED STATES ATTORNEY, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kofi Orleans-Lindsay pled guilty, pursuant to a Fed. R. Crim. P. 11(c)(1)(C) written plea agreement, to conspiracy to possess with intent to distribute and to distribute eutylone, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846. The district court imposed a downward variant sentence of 48 months' imprisonment and three years' supervised release. Orleans-Lindsay's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no nonfrivolous grounds for appeal but questioning whether the 48-month sentence is procedurally and substantively reasonable. Counsel also observes that Orleans-Lindsay validly waived his appellate rights. Although notified of his right to do so, Orleans-Lindsay has not filed a pro se supplemental brief. The Government moves to dismiss Orleans-Lindsay's appeal as barred by the appeal waiver in his plea agreement. We affirm in part and dismiss in part.

We review an appeal waiver de novo to determine its enforceability. *United States v. Smith*, 134 F.4th 248, 255-57 (4th Cir. 2025). "A waiver is valid if the defendant knowingly and intelligently agreed to waive the right to appeal." *Id.* at 257 (citation modified); *United States v. Carter*, 87 F.4th 217, 224 (4th Cir. 2023) (requiring evaluation of "the totality of the circumstances"). "Generally . . . , if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid [and enforceable]." *Carter*, 87 F.4th at 224 (citation modified). "When[, as here,] the Government invokes an appeal waiver, we enforce it if it is valid and if the issue

2

being appealed falls within the scope of the waiver." *Smith*, 134 F.4th at 257 (citation modified).

Upon review of the record and considering the totality of the circumstances, we conclude that Orleans-Lindsay knowingly and voluntarily waived his appellate rights. And Orleans-Lindsay's challenge to the reasonableness of his sentence falls squarely within the scope of his valid appeal waiver.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal that are not barred by the appeal waiver. We therefore grant the Government's motion to dismiss in part and dismiss the appeal as to any issues that fall within the valid waiver's scope. We also deny the motion in part and affirm as to any issue not encompassed by the waiver. This court requires that counsel inform Orleans-Lindsay, in writing, of the right to petition the Supreme Court of the United States for further review. If Orleans-Lindsay requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Orleans-Lindsay.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*

3